## Gruber v. Holbert, Judge.

November 29, 1949.

As Modified on Denial of Rehearing January 31, 1950.

Rodes K. Myers and Haynes Carter for petitioner.

Charles E. Peyton and Faurest & Montgomery for respondent.

JUDGE CAMMACK—Denying writ.

This is an original action in this Court wherein Mrs. Temple Robinson Gruber is seeking a writ of prohibition against the respondent, George K. Holbert, Judge of the Hardin Circuit Court. The question can be simplified by a brief review of the circumstances leading up to the filing of the petition.

On June 13, 1949, Mrs. Gruber filed an action for a divorce in the Hardin Circuit Court. She also caused an attachment to be levied upon the property of her husband and sought temporary alimony. Mr. Gruber moved to have the attachment discharged and asked that Mrs. Gruber be required to return to him an automobile

and $50,000 in government bonds which she had taken from his lock box. On July 16th, an order was entered allowing Mrs. Gruber temporary alimony; sustaining the attachment in some respects; and directing that Mrs. Gruber be permitted to retain the automobile and that she turn the $50,000 in bonds over to the master commissioner of the Hardin Circuit Court. On August 1st, Mr. Gruber filed a demurrer to Mrs. Gruber's petition. On August 22nd, and during vacation, Judge Holbert signed an order authorizing Mrs. Gruber to dismiss her petition without prejudice. A copy of this order was filed with the Clerk of the Hardin Circuit Court. After notice on September 6th, Judge Holbert sustained a motion of Mr. Gruber to set aside the order of August 22nd. Mr. Gruber was also permitted to file his answer and counterclaim which was tendered August 29th. Mrs. Gruber then filed her petition for a writ of prohibition in this Court.

The reasons given by Judge Holbert for setting aside the order of August 22nd were that the order was void because no notice had been given to Mr. Gruber in accordance with the provisions of KRS 23.150; and further, because of the actions taken by him on the attachment. We think both reasons advanced by Judge Holbert have merit.

In the first instance it is expressly provided in KRS 23.150 that orders entered in vacation must be upon reasonable notice to the parties. It is true, that as a general proposition, a plaintiff may dismiss his action without prejudice at any time before final submission of the case. Civil Code of Practice, section 371. But this right to dismiss an action does not mean that a plaintiff, once having resorted to court procedures for relief, may at any time bring his case to an end by merely withdrawing his petition from the clerk's office. One seeking to dismiss his petition under the circumstances here involved would have to make a demand upon the court or move the court for permission to dismiss his action. Prior to the adoption of KRS 23.150, no order could be entered in vacation. When that right was given by the statute the Legislature properly saw fit to safeguard the rights of all parties by requiring that reasonable notice be given to them.

Mrs. Gruber was allowed temporary alimony and was permitted to retain the automobile. She was directed also to turn over the $50,000 in government bonds to the Clerk of the Hardin Circuit Court. This she may have done, but still she was granted rights which were prejudicial to Mr. Gruber's interests. The controlling point in the case, however, has already been decided adversely to Mrs. Gruber.

For the reasons given, we think the writ should be and it is denied.